2014 UT App 295

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
CLARENCE EARL BRADLEY,
Defendant and Appellant.

Memorandum Decision
No. 20130921-CA
Filed December 18, 2014

Second District Court, Ogden Department
The Honorable Michael D. DiReda
No. 121902783

Samuel P. Newton, Attorney for Appellant

Sean D. Reyes and Daniel W. Boyer, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGES MICHELE M. CHRISTIANSEN and
KATE A. TOOMEY concurred.

VOROS, Judge:

¶1     Appellant Clarence Earl Bradley challenges his prison sentence of one to fifteen years for possession of a controlled substance with intent to distribute. He claims that his sentence was excessive in that it "failed to account for the substandard medical care [he] would receive in prison as well as his advanced age." We affirm.

¶2     At sentencing, the judge asked an officer representing Adult Probation and Parole (AP&P) to address "what will happen at the prison in terms of [Bradley's] care and the burden

that will be placed upon the Department of Corrections to make sure that . . . his needs are being looked after." The AP&P officer then described the prison's medical assessment at intake, asserted that some prisoners with severe medical conditions "are placed right into medical as part of their housing," described the prison's medical program as "incredible," and said that prison officials "contract with the University of Utah" and "frequently take people up there to have their care and testing things done." Neither Bradley's counsel nor anyone else at sentencing questioned or contradicted this assessment.

¶3     But on appeal, Bradley challenges the prison representative's assertions. He argues that the standard of medical care in American prisons falls well below that of the nonincarcerated population. He asserts that effective pain management is often withheld, that prison medical practitioners and facilities are substandard, and that prison life can be especially degrading and difficult for the elderly who are sick. He supports these criticisms with citations to scholarly literature assessing prison medical care in the United States.[1] But he cites no record facts or any information specific to Utah.

¶4     Bradley's claim fails because he did not preserve it in the trial court. To preserve an issue for appeal, a party must present it "to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (citation and internal quotation marks omitted). Bradley maintains that his counsel preserved the claim by seeking probation "given Mr. Bradley's current

---

1. *See, e.g.,* Michael S. Vaughn & Linda G. Smith, *Practicing Penal Harm Medicine in the United States: Prisoners' Voices from Jail*, 16 Just. Q. 175, 217–19 (1999); Molly Fairchild James, Note, *The Sentencing of Elderly Criminals*, 29 Am. Crim. L. Rev. 1025, 1026–27 (1991).

situation, especially his medical and health situation." But an assertion that Bradley needed medical attention would not have brought to the trial court's attention Bradley's appellate claim—that the AP&P officer inaccurately described the prison's medical services. On the contrary, the judge stated, "Well, if I thought for a minute that I was imposing a sentence that would leave Mr. Bradley without any sort of medical assistance or services, I certainly wouldn't do that." No one at sentencing gave the judge reason to think otherwise.

¶5      But even if Bradley had preserved his claim on appeal, the trial court did not abuse its discretion in sentencing him to prison. An appellate court will reverse a trial court's sentencing decision only when it is "clear that the actions of the [trial] judge were so inherently unfair as to constitute an abuse of discretion." *State v. Killpack*, 2008 UT 49, ¶ 18, 191 P.3d 17 (alteration in original) (emphasis, citation, and internal quotation marks omitted). Under this standard we reverse only if "no reasonable [person] would take the view adopted by the trial court." *State v. Maestas*, 2012 UT 46, ¶ 36, 299 P.3d 892 (alteration in original) (citation and internal quotation marks omitted).

¶6      Bradley's extensive criminal history spans nearly six decades, in the course of which he failed supervised release at least twice—the very sentencing option he seeks here. Furthermore, the AP&P officer's uncontroverted testimony asserted that the Department of Corrections would conduct a medical assessment of Bradley upon intake, that he would receive his prescribed medications, and that he would be housed in accordance with his medical condition. Indeed, even if Bradley had brought to the sentencing court's attention the scholarly literature he brings to ours, it would not alter our conclusion; none of the national studies Bradley cites on appeal speak directly to the current state of medical care in Utah prisons. Given the facts available to the sentencing court, we cannot conclude that "no reasonable [person] would take the

view adopted by the trial court." *See id.* (alteration in original) (citation and internal quotation marks omitted).

¶7      The trial court's order is accordingly affirmed.

————